United States District Court
Southern District of Texas

**ENTERED**

August 12, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARIANELA ESTRADA DIAZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-3064 |
| | § | |
| WARDEN, HOUSTON CONTRACT | § | |
| DETENTION FACILITY, *et al.* | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER
## GRANTING WRIT OF HABEAS CORPUS

Petitioner Marianela Estrada Diaz is detained in the custody of officials with Immigration and Customs Enforcement (ICE).  Through counsel, the petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1).

The petition and supporting documents state that the petitioner is a national and citizen of Cuba; that she entered the United States on or about February 28, 2024; that immigration officials released her on her own recognizance on March 2, 2024; that she complied with all conditions of release; that she has strong family ties in the United States, including her husband and son who are lawful permanent residents; that officials issued her work authorization and she has strong community ties through participation and employment; that she has no criminal record; and that she is pursuing relief from removal. On March 29, 2026, officials detained the petitioner when she appeared for a scheduled

check-in appointment.  She brings a claim under the Due Process Clause, among others, and seeks release from confinement.

The federal respondents filed a motion to dismiss or for summary judgment (Dkt. 5) arguing that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) and her habeas claims lack merit.  They do not contest the material facts recited by the petitioner.[1]  The petitioner responded (Dkt. 6).

On February 6, 2026, the Fifth Circuit held in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), that two petitioners who has been present in the United States for many years, and who had not been apprehended by immigration officials before the detention at issue in the case, were subject to mandatory detention under 8 U.S.C. § 1225(b)(2).  The Court does not base this opinion on the statutory text but instead turns to the petitioner's claim that her current detention violates her rights under the Due Process Clause.

The Court previously addressed due-process claims in the context of 28 U.S.C. § 2241.  *See*, *e.g.*, *Vilar Ruiz v. Warden, Montgomery Proc. Ctr.,* No. 4:26-cv-1307, 2026 WL 1707199 (S.D. Tex. June 12, 2026); *Valdes Soria v. Warden, Houston Cont. Det. Facility*, No. 4:26-cv-1272, 2026 WL 1658536 (S.D. Tex. June 8, 2026); *Chowdhury v. Warden*, No. 26-cv-1126 (Dkt. 18) (S.D. Tex. June 4, 2026); *Avila Perez v. Warden*, Civil Action No. 4:26-957 (S.D. Tex. Apr. 28, 2026); *Gonzalez Monrreal v. Ward*en, Civil

---

[1]     Although the respondents assert that the petitioner was arrested for criminal trespass on February 28, 2024, the day she entered the United States, they present no evidence to support their statement, and do not contest the petitioner's representation that she has no criminal record.

2 / 6

Action No. 4:26-925 (S.D. Tex. Apr. 27, 2026); *Barrera Leon v. Warden*, Civil Action No. 4:26-1341 (S.D. Tex. Apr. 2, 2026); *Gallegos Perez v. Noem*, Civil Action No. 4:26-351 (S.D. Tex. Apr. 2, 2026); *Cruz Osorio v. Noem*, Civil Action No. 4:25-6390 (S.D. Tex. Apr. 2, 2026); *Rozo-Teran v. Bondi*, Civil Action No. 4:26-243 (S.D. Tex. Mar. 16, 2026); *Navarette-Garcia v. Bradford*, Civil Action No. 4:26-1503 (S.D. Tex. Mar, 16, 2026); *Delgado-Rodriguez v. Tate*, Civil Action No. 4:26-650 (S.D. Tex. Feb. 25, 2026).  All of these opinions applied the three-part test from *Mathews v. Eldridge*, weighing and balancing the following factors: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and, (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.  *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

For the reasons stated in the Court's opinions cited above, and based on all authorities cited in those opinions, the Court determines that the petitioner in this case is detained without due process of law.  She has been present in the country for over two years, was previously released on her own recognizance, has no criminal record, and is pursuing relief from removal.  She has a protected liberty interest under the Due Process Clause, and the respondents do not argue that flight risk, danger to the community, or other weighty government interest justifies her detention.  Additionally, the respondents identify no procedures available to the petitioner to provide notice, an opportunity to be heard, or

any individualized determination regarding the reason for her current detention. Therefore, all three *Mathews* factors weigh in the petitioner's favor.

The Court concludes, in accordance with numerous other courts considering the question, that detention under § 1225(b)(2) as applied to this petitioner, without an individualized assessment or any notice or opportunity to be heard, violates the petitioner's right to procedural due process. The petition for a writ of habeas corpus will be granted. 28 U.S.C. § 2241; 28 U.S.C. § 2243; *see Brown v. Davenport*, 596 U.S. 118, 128 (2022) ("federal courts may grant habeas relief as law and justice require") (cleaned up).

"Habeas is at its core a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008). The remedy for unlawful detention "is, of course, release." *Id.*; *see Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (based on statutory language of 28 U.S.C. § 2241(c)(3) and the common-law history of the writ, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody"). Because the respondents do not acknowledge any process available to the petitioner, "there is no process to await." *See Aroca v. Mason*, 819 F. Supp. 3d 517, 548 (S.D.W. Va. 2026) (cleaned up) (collecting cases).[2] After reviewing the authorities and all matters of record, the Court determines that release is the appropriate habeas relief for the unlawful detention in this case.

---

[2]    In light of the Fifth Circuit's holding in *Buenrostro-Mendez*, and because the respondents do not argue that 8 U.S.C. § 1226(a) applies, the Court does not order a bond hearing under § 1226(a). *See Ahmed M. v. Bondi,* No. 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026) (collecting cases).

4 / 6

The Court therefore **ORDERS** as follows:

1. The respondents' motion for summary judgment (Dkt. 5) is **DENIED**.

2. The petitioner's petition for habeas relief (Dkt. 1) is **GRANTED** in part.

3. The respondents are **ORDERED** to **RELEASE** the petitioner from custody to a public location, under conditions of release no more restrictive than those in place prior to the detention at issue in this case, **within 48 hours of this order**.

4. The respondents are further **ORDERED** to inform the petitioner and petitioner's counsel of the time and location of release **at least three hours before the release**.

5. The respondents are further **ORDERED** to return to the petitioner, at the time of release from custody, any and all identification documents taken from the petitioner at the time of or during detention.

6. Any possible or anticipated removal or transfer of the petitioner under this present detention is **PROHIBITED** and **ENJOINED.**

7. The respondents may not re-detain the petitioner during the pendency of the petitioner's removal proceedings absent a pre-detention hearing before an immigration judge at which the government demonstrates, by clear and convincing evidence, that the petitioner is a flight risk or a danger to the community. *See Giri v. Lyons*, No. 5:26-CV-00149, ___ F. Supp. 3d _____, 2026 WL 1361557, at *13 (S.D. Tex. May 12, 2026) (collecting authorities).

8. The respondents are further **ORDERED** to file a status report updating the Court within **72 hours** of this order.

9. All other pending motions, if any, are **DENIED** as moot.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____ August 12 _____, 2026.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE